```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
UNITED STATES OF AMERICA,                 :
                                          :          18cr41 (DLC)
            -v-                           :
                                          :
NAVONE DOZIER,                            :       MEMORANDUM OPINION
                                          :           AND ORDER
                 Defendant.               :
                                          :
-----------------------------------------X
```

DENISE COTE, District Judge:

Navone Dozier has requested compassionate release under Title 18, United States Code, Section 3582(c)(1)(A).  His request is denied.

On April 23, 2019, Dozier pled guilty to one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  Dozier was sentenced to 84 months in prison.  He is currently incarcerated at the United States Penitentiary, Canaan.

This is Dozier's second motion for compassionate release.  On August 18, 2021, Dozier filed a motion for compassionate release and the appointment of counsel.  The motion was denied because Dozier failed to comply with the statutory exhaustion requirement of § 3582(c)(1)(A), and because the appointment of counsel was unlikely to result in a meritorious petition.  On March 6, 2022, Dozier submitted the present petition, again

requesting a reduction in his sentence and the appointment of counsel.  Dozier's petition includes a document dated January 13, 2021, in which his warden denied his request for compassionate release.  Dozier has therefore satisfied § 3582(c)(1)(A)'s exhaustion requirement.

A court may grant compassionate release to an inmate if the inmate has exhausted his administrative remedies by requesting compassionate release from his warden and there are "extraordinary and compelling reasons" warranting a reduced sentence.  District courts may "independently . . . determin[e] what reasons . . . are extraordinary and compelling" for the purpose of the compassionate release determination.  United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020) (citation omitted).  If a court concludes that the petitioner has presented "extraordinary and compelling reasons" for compassionate release, it must also weigh the 18 U.S.C. § 3553(a) sentencing factors before awarding compassionate release.  Even if the court concludes that the petitioner has not presented the requisite extraordinary and compelling reason for compassionate release, the Second Circuit has recommended that the court should also assess if the § 3553(a) sentencing factors weigh in favor of granting compassionate release. United States v. Jones, 17 F.4th 371, 374-75 (2d Cir. 2021).

Dozier has not presented "extraordinary and compelling reasons" warranting a reduced sentence.  18 U.S.C. § 3582(c)(1)(A)(i).  Dozier cites as an extraordinary and compelling circumstance his need to care for his son.  Courts in this District have held that the need to act as a caregiver can sometimes justify a reduction in sentence.  See United States v. Dones, 19CR00169, 2022 WL 354679, at *2 (S.D.N.Y. Feb. 7, 2022) (listing cases).  Such family circumstances do not always rise to the level of extraordinary and compelling circumstances, however, especially when alternative caregivers are available.  See id.

Dozier claims that his son's mother and maternal grandmother are each ill, and therefore cannot care for his son themselves.  While these illnesses are unfortunate, they do not constitute an extraordinary and compelling circumstances justifying a reduced sentence.  Dozier acknowledges that he has a large and supportive family, and he has not shown that the health conditions of his son's mother and grandmother make them inadequate caregivers.

Dozier cites the COVID-19 pandemic and its effects on the conditions of his confinement as extraordinary and compelling circumstances justifying his release from incarceration.  Dozier claims that he is not receiving sufficient medical care as a result of the pandemic.  Dozier, however, has not explained what

3

his medical needs are, or why they cannot be appropriately treated and managed in prison.  Moreover, the Bureau of Prisons has also made COVID-19 vaccinations available to inmates and staff, further reducing any risk related to COVID-19.  See COVID-19 Vaccine Implementation, Bureau of Prisons, https://bop.gov/coronavirus/ (last visited March 21, 2022).  The risk of incarceration during the COVID-19 pandemic is now less likely as a general matter to qualify as an extraordinary and compelling circumstance, and does not for Dozier.

Even if Dozier had presented an extraordinary and compelling circumstance for compassionate release, the § 3553(a) sentencing factors would weigh against it.  Dozier was convicted of using, carrying, and brandishing a firearm as part of his role in the MacBallas, a violent street gang that distributed narcotics in the Bronx.  Despite the seriousness of Dozier's conduct, the Court imposed a sentence of 84 months, the mandatory minimum for Dozier's offense of conviction.

For similar reasons, Dozier's request to appoint counsel is denied.  A defendant has no right to counsel when filing a motion for reduction of sentence under 18 U.S.C. §3582(c).  United States v. Fleming, 5 F.4th 189, 193 (2d Cir. 2021).  The decision to appoint counsel is therefore left to the discretion of the district court, which may consider the merits of the defendant's motion as a "significant factor in the exercise of

that discretion." <u>United States v. Reddick</u>, 53 F.3d 462, 465 n.2 (2d Cir. 1995).  As explained above, Dozier has not pointed to extraordinary and compelling circumstances justifying his release, and the § 3553(a) sentencing factors would counsel against release regardless.  Dozier's motion is therefore unlikely to be meritorious, even with the appointment of counsel.  Accordingly, it is hereby

ORDERED that Dozier's motion for compassionate release and appointment of counsel is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mail Dozier a copy of this Order and note mailing on the docket.


Dated:    New York, New York
          March 21, 2022

                                         _____
                                              DENISE COTE
                                         United States District Judge