**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

─────────────────────────────────────────

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 15, 2022

**BY ECF**
The Honorable Denise L. Cote
United States District Judge
Southern District of New York
New York, New York 10007

      Re:    *United States v. Navone Dozier*, 18 Cr. 41 (DLC)

Dear Judge Cote:

      The Government writes regarding the defendant's letter, docketed on November 16, 2022, and the Court's December 2, 2022 order. *See* Doc. Nos. 571 & 575.

      In his letter, the defendant states his desire to have a motion to vacate his conviction filed on his behalf similar to the motion to vacate that was filed on behalf of his co-defendant, Keith Outlaw. The Court reappointed C.J.A. counsel Thomas Dunn to represent the defendant for the purpose of filing any motion to vacate.

      An issue at the core of the defendant's motion (and co-defendant Keith Outlaw's motion) is whether attempted murder in aid of racketeering, in violation of 18 U.S.C. § 1959, is a "crime of violence" under the force clause of 18 U.S.C. § 924(c)(3)(A). In *United States* v. *Pastore*, 36 F.4th 423, 426–27 (2d Cir. 2022), the Second Circuit held that it is. After the Second Circuit's *Pastore* decision, the Supreme Court decided *United States v. Taylor*, 142 S. Ct. 2015 (2022). Now, in light of *Taylor*, there is a pending petition for rehearing before the Second Circuit in *United States v. Delligatti (Pastore)*, Case No. 18-2482, on which petition the Circuit has ordered and received a response from the Government.

      Given the importance of the issue pending in *Pastore*, and to promote judicial economy, the parties proposed to Judge Carter that he hold co-defendant Keith Outlaw's motion in abeyance until the Second Circuit decides *Pastore*—i.e., until after the Second Circuit denies the rehearing petition, or until the Circuit grants the rehearing petition and otherwise resolves the case. Judge Carter granted that application. *See* Doc. No. 582.

      The parties here similarly request that the Court hold the filing of the defendant's motion to vacate in abeyance until the Second Circuit decides *Pastore*. If the Court grants this application, the parties will submit a joint letter within two weeks after the Second Circuit's decision. If the parties agree on what the appropriate disposition of a motion to vacate the defendant's conviction should be in light of the Second Circuit's decision, we will inform the Court of that agreement in

Hon. Denise L. Cote                                                                                          Page 2
December 15, 2022

the joint letter. If the parties disagree on the appropriate disposition, we will propose a schedule for further briefing.

If the Court is not inclined to grant the parties' request for a stay at this time, the parties would then propose the following schedule:

- Defendant's motion to vacate to be filed by February 13, 2023
- Government's response to be filed by March 6, 2023
- Defendant's reply, if any, to be filed by March 20, 2023

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: *Justin Rodriguez*
Christopher Clore
Maurene Comey
Justin V. Rodriguez
Assistant United States Attorneys
(212) 637-2591

cc:    Counsel of record (by ECF)

*Briefing is stayed. The parties' proposal is accepted. A status report is due no later than 8/1/23.*

*Denise Cote*
*12/15/22*